TEXAS & PACIFIC RAILWAY COMPANY v. T. H. HUMPHRIES.

Decided December 17, 1898.

**1. Railway Company—Ejection of Passengers—Charge.**

The submission to the jury of the question as to a careless and negligent ejection from the train is justified by averment that the defendant's conductor negligently and maliciously assaulted plaintiff and pushed him violently from the train, with evidence that as the plaintiff started to get off the train the conductor crowded right behind him and pushed his knee against him as he descended the steps and shoved him off, although the conductor testified that he did not know plaintiff and had no trouble with him.

**2. Same—Charge of Court.**

An instruction that a railway conductor interfering in any way with a passenger about to leave his train is bound to use the highest degree of care to assist him to alight safely, is not subject to criticism because it is not confined to the modes and

methods of interference suggested in the pleadings and evidence, where the charge also made the plaintiff's right to recover dependent upon the conduct of the conductor which the plaintiff alleged and his evidence tended to show.

**3. Charge of Court—Burden of Proof.**

Where the general charge contains a proper instruction on the burden of proof, the court is not required to repeat the instruction in a requested charge.

APPEAL from Fannin. Tried below before Hon. E. D. McCLELLAN.

*T. J. Freeman* and *Head, Dillard & Muse,* for appellants.

*Taylor & McGrady,* for appellee.

TARLTON, CHIEF JUSTICE.—This appeal is from a verdict and judgment in the sum of $454 recovered by the appellee against the appellant as damages for personal injuries. The verdict of the jury, under the evidence and the charge of the court, requires from us the following conclusions of fact:

When plaintiff, a passenger of the defendant, was alighting from its train at Ector, a station five miles west of Bonham, in Fannin County, the conductor of the train willfully and purposely, or carelessly and negligently, shoved, pushed, or kicked the appellee, thereby causing him to fall off the train and to sustain such injuries to one of his hands as to justify the amount assessed as damages.

*Conclusions of Law.*—1. A paragraph of the court's charge reads thus: "If you believe from the evidence that when plaintiff was alighting or preparing to alight from defendant's train at Ector the conductor of said train willfully and purposely, or carelessly and negligently, shoved, pushed or kicked appellee, and thereby caused him to fall off the train and receive the injuries of which he complains, then you will return a verdict for the plaintiff for such damages as the evidence may show to have resulted to him from such injuries, under the rule for measuring damages hereinafter given."

This instruction is complained of in the first assignment of error, on the ground that the evidence "nowhere warranted the issue being submitted to the jury of a careless and negligent ejection of plaintiff, but only the issue of whether he was purposely and violently ejected from the train by the conductor."

In this connection, the petition alleged that, as the plaintiff was attempting to leave the train, carrying in one hand a piece of iron machinery of about sixteen pounds weight which he had in his possession, defendant's conductor, seeing the plaintiff's condition and efforts, "negligently and maliciously assaulted plaintiff, and kicked and pushed him violently from said train, so that he fell a great distance to the ground," etc.

The evidence bearing upon this issue was as follows:

The plaintiff testified: "When I got out the car door at Ector and started down the steps to get off, holding with one hand to the baluster and carrying the piece of iron in the other, the conductor crowded right in behind me with his lantern in one hand and the other on my shoulder like, and pushed his knees right in against me behind as I descended the steps, and continued pushing right against me and shoved me off."

A witness, Med Pierce, testified thus: "I saw plaintiff on the steps (as he passed) just before the car stopped. There was a conductor right behind him, apparently with his hand on plaintiff's shoulder—looked like he was following him—and plaintiff appeared to be holding on and pushing or leaning back. I could not see that the conductor gave plaintiff any push. Plaintiff tumbled off the car."

The conductor himself testified that he did not know the plaintiff; that he had had no trouble with him; that he had used no violence towards him; that he did not kick or knock him off the train.

We are of opinion that the pleadings and the evidence above set out justified the submission of the issue as embodied in the instruction complained of.

2. The court further charged the jury as follows: "It is the duty of a railway conductor when he interferes in any way with one of his passengers who is about to leave his train, to use the highest degree of care to assist him to alight safely, and not to do anything which might probably result in his falling and injuring himself, and a failure to exercise such care would be negligence such as would, if the same caused the injury of such passenger, entitle such passenger to recover from the railway company for such injuries. Unless you do believe from the evidence that the defendant's conductor pushed, shoved, or kicked the plaintiff off the train at Ector, and thereby caused him to fall and injure himself, then you must return a verdict for the defendant."

And in this connection the court also gave the following instruction, at the request of the defendant: "If you believe from the evidence that the plaintiff fell at the depot at Ector and received hurts, but that he was not shoved, pushed, kicked or forced off the train there by defendant's conductor, find for defendant."

The paragraph first above set out is complained of by the second assignment of error, on the ground that it is not the law, if the conductor interferes in any way with a passenger alighting from a train, that the former must use the highest degree of care to assist the passenger in alighting safely, and that it is error that the court should charge that, as a matter of law, if such a conductor interferes in *any way* with such passenger, it is the duty of the conductor to use the highest degree of care to assist the passenger in safely alighting.

Reading the paragraph criticised in connection with the second clause above set out, and with the special requested instruction, we are of opinion that the rights of the defendant were sufficiently guarded, and that the intention of the jury was, in effect, confined to the modes or methods of interference suggested in the pleading and by the evidence and re-

ferred to and emphasized in the court's charge, viz: to the pushing, shoving, kicking or forcing from the train of the plaintiff by the conductor.

The court having charged that the burden of proof is upon the plaintiff in every case, before he can recover, to establish the facts and circumstances which entitle him to do so by a preponderance of the evidence, and that by a preponderance of the evidence is meant the greater weight of credible testimony, was not required to repeat the instruction upon the burden of proof as requested by the appellant, the refusal of which is complained of in the third assignment.

4.   The testimony, especially that of the physician who was called to see the plaintiff as to the character of the injuries sustained by him, justified the amount of the verdict.

*Affirmed.*

Writ of error refused.